JOHNSON, Plaintiff, v. JONES, State Auditor, Defendant.

(204 N. W. 897.)

(File No. 6008.   Opinion filed August 12, 1925.)

**States—Rural Credit Board—Attorney General—Rural Credit Board Held Without Power to Create Independent Legal Department.**

Upon construing together Rev. Code 1919, Secs. 10163 and 10169, and Laws 1919, c. 304, Sec. 2, held, that rural credit board was not by latter section given authority to create independent legal department from which such board might seek and receive general legal advice and opinions as to rights, duties, and procedure of the board.

Dillon, J., dissenting.

Application for mandamus by Julius H. Johnson to compel Edward A. Jones, State Auditor, to issue warrants upon vouchers for services rendered as assistant counsel to Rural Credit Board. Writ dismissed.

*Lydia B. Johnson,* of Pierre, for Plaintiff.

*Buell F. Jones,* Attorney General, for Defendant.

CAMPBELL, J.   Plaintiff seeks mandamus to compel the state auditor to issue warrants to plaintiff upon two vouchers in the aggregate amount of $470 held by plaintiff, "for services rendered as assistant counsel to the said rural credit board," which vouchers were approved by the rural credit board.   It appears from plaintiff's affidavit for the alternative writ and from his reply to the defendant's return thereto that he claims to have been employed by the rural credit board as "assistant counsel," it being the purpose and intention of the board to organize and create a separate and independent legal department of its own for the purpose of giving the board legal advice and handling such matters as it might have requiring the services of an attorney at law.   Of such proposed general legal department of the board plaintiff was to be an integral part as such assistant counsel.   It further appears that the work performed by the plaintiff during the term of his employment consisted primarily in the rendering of legal opinions and the furnishing of legal advice to said board.

The question is as to the authority of the board in the matter of plaintiff's appointment.

Plaintiff seeks such authority in the provision of section 2,

ch. 304, Laws 1919, which authorizes the rural credit board "to employ, by and with the approval of the Governor, such assistants, clerks, laborers, attorneys and other employees as it may deem necessary to conduct its business; to fix the bonds, salaries or fees, of such employees, * * * to define the duties of the officers, agents or employees of the board, which officers and employees shall be under the direction of the board in all matters not inconsistent with the provisions of this chapter. * * *"

This section originated as section 5, ch. 333, Laws 1917, being the original Rural Credit Act, and while said section 5 was twice amended prior to the time of plaintiff's employment by the board, first by section 1, ch. 58, Laws 1918, and again by section 2, ch. 304, Laws 1919, neither of said amendments in any wise affected the portion of the section above quoted which was preserved practically verbatim from the original act through both the amendments.

Section 15 of the original act of 1917 provided:

"The Attorney General shall be the general legal adviser of the board and its officers."

This section was never amended or repealed prior to the time of plaintiff's employment by the board, and it was then in effect as section 10163, Code 1919.

Section 21 of the original act of 1917 provided, in part:

"In cases of foreclosure it shall be the duty of the Attorney General to render all services needed in connection with such foreclosure proceedings. * * *"

This section was never amended or repealed prior to the time of plaintiff's employment by the board and was then in effect as section 10169, Code 1919.

The authority of the rural credit board in connection with the employment of an attorney at the time of plaintiff's claimed employment must be determined by construing together the several portions of chapter 333, Laws 1917, above quoted. Upon so doing we are of the opinion that said board had no authority to create an independent legal department, or to employ any "assistant counsel," or to seek its legal advice and opinions from any source other than the Attorney General. Viewing all said sections together, we believe the most liberal construction that could be placed upon the authority granted by section 5 of the original

act "to employ attorneys" would be to hold the board authorized to employ attorneys for mere routine matters requiring the services of an attorney, but not requiring the rendering of legal advice or opinions upon points of law, or matters of legal right or policy of the board, and we think that any such attorneys so employed would be under the supervision, control, and direction of the Attorney General as general legal adviser of the board, and therefore, as a practical matter to promote harmony and efficiency, and avoid friction, the wisdom of securing his approval before making even such appointment is obvious, whether or not the statute expressly requires it.

That the Attorney General is the general legal adviser of such board has been recognized by this court in the case of Hughes County v. Henry, 48 S. D. 98, 202 N. W. 286, at page 289. If the Attorney General should be derelict in the performance of such duties, there is a proper remedy therefor.

The briefs submitted by respective counsel on this proceeding have argued at some length the question of whether the statute, if in fact it authorized the appointment here attempted to be made, would be unconstitutional; it being the contention of the Attorney General that under the Constitution he is the chief law officer of the state and as such the legal adviser of the officers and boards thereof, and that the Legislature cannot constitutionally authorize the employment of attorneys for state officers or boards without the approval of the Attorney General.

Under the plain terms of the law as it existed at the time of plaintiff's appointment, we are convinced that the rural credit board had no authority to make such an appointment as was attempted in plaintiff's case, namely, that of "assistant counsel," or, in other words, a member of an independent legal department from which said rural credit board might seek and receive general legal advice and opinions as to the rights, duties, and procedure of said rural credit board.

The question of the constitutionality of the statute, if in fact it had authorized such appointment, is therefore not involved in this proceeding. Neither can the question of "de facto officer" by the remotest possibility be involved in this proceeding. No such office as "assistant counsel to the rural credit board" ever existed under any statute. Plaintiff himself does not claim that

he was or is an "officer" in any sense of the word, but expressly disavowed that he is an "officer," and his sole claim is as an employee appointed by authority of section 2, ch. 304, Laws 1919, previously quoted.

Inasmuch as the statute under which the appointment was sought to be made is by its express terms insufficient to authorize the appointment it follows that the alternative writ of mandamus issued herein must be and it is dismissed.

DILLON, J. (dissenting). It must be conceded that Julius H. Johnson, the plaintiff herein, functioned in and was in possession of the office to which he had been appointed, viz., assistant counsel to the rural credit board. He held this office by virtue of his appointment by the rural credit board, with the approval of the governor. There was no other person claiming title to this office. There were sufficient funds with which to pay plaintiff, and the state should not deprive him of his compensation for services rendered, even though the appointment might not be de jure. Plaintiff could only be deprived of his compensation by a quo warranto proceeding brought against him in which the direct issue would be the right to hold this office.

The question as to the necessity for the approval by the Attorney General of this appointment becomes wholly immaterial. The question involved in this issue is simply the one on the salary check.